AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2022

UNITED STATES OF AMERICA

v.

VERDELL PICKNEY

Case No. 1:16-cr-656

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____ , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Verdell Pickney's application for compassionate release and its supporting materials, Dkt. No. 984, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

Mr. Pickney has not met his burden to show extraordinary and compelling circumstances in support of his application for his compassionate release.  Mr. Pickney points to the risk associated with the COVID-19 pandemic as the basis for his request.  Mr. Pickney, however, does not assert that he suffers from any health conditions that put him at particular risk from the pandemic.  As the Court noted at sentencing, "Mr. Pickney is blessed with good health."  Dkt. No. 574 ("Tr.") at 27:3.  Mr. Pickney is also still young at 26 years old.  Thus, even at the height of the pandemic, Mr. Pickney did not fall into the risk profile that might warrant early release as a result of the

COVID-19 pandemic. And we are no longer at the height of the pandemic and vaccinations are largely available. Mr. Pickney points to a statement by President Biden regarding anticipated COVID-19 cases, but ignores another recent relevant declaration by the President: "The pandemic is over." See Brett Samuels, "Biden: 'The pandemic is over', The Hill, September 18, 2022. While COVID continues to be a risk, the broad availability of vaccinations and the endemic status of the pandemic make it impossible for the Court to conclude that the fact of the existence of COVID-19 in the prison system by itself is an extraordinary or compelling circumstance justifying Mr. Pickney's early release, particularly in light of his good health and youth. Mr. Pickney's argument that his relative youth at the time of his sentencing also does not constitute and extraordinary and compelling reason for his release.

Moreover, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Pickney's sentence is appropriate at this time. As the Court described at sentencing, Mr. Pickney's offense was very serious. Mr. Pickney discharged a firearm in what the Government described at sentencing as "essentially . . . a shootout in a public park." Tr. at 22:12. The Court commented on the danger of Mr. Pickney's conduct at sentencing. "[O]bviously what is most problematic, chilling about Mr. Pickney's offense is his use and involvement in the discharge of a firearm in connection with the conspiracy. Mr. Pickney knows from his own experience as a victim of a shooting the harm that can come from gun violence. It threatens children and people like himself and his brother who are innocents. This is an incredibly serious offense and one, as the United States has stated, but for luck, could have resulted in other innocents being injured and suffering, as Mr. Pickney and his brother did." Tr. at 25: 13-22.

Mr. Pickney pleaded guilty to a sentence that involved a mandatory 10 year term of imprisonment as a result of his discharge of a gun. The Court sentenced to him to 121 months of imprisonment—

imposing only one month of imprisonment as a result of his concurrent drug conviction. In evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court does not believe that early release is appropriate for Mr. Pickney, for substantially the reasons that it articulated at sentencing. Mr. Pickney's crime was very serious: a shorter term of imprisonment would not be a just punishment. Moreover, the Court continues to believe that a lesser sentence would not serve the goals of general and personal deterrence: discharging a firearm in connection with a drug trafficking organization is a serious offense. The Court imposed a sentence that was substantially below the advisory guidelines range. As the Court concluded at sentencing, a lesser sentence is not appropriate. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 984 and to mail a copy of this order to Mr. Pickney.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October 2, 2022

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE