```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                      :

UNITED STATES OF AMERICA,          :

                      -v-                          :

                                        :          1:16-cr-656-GHW

VERDELL PICKNEY                  :

                                        :          <u>ORDER</u>
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      On June 19, 2018, the Court entered judgment sentencing Verdell Pickney to 121 months imprisonment and two years of supervised release. Dkt. No. 582. That sentence represented a downward variance from Mr. Pickney's guidelines range of 8-14 months imprisonment with respect to Count I to be followed by the mandatory minimum consecutive sentence of 120 months for Count II. That mandatory minimum 120-month sentence resulted from Mr. Pickney's discharge of a firearm in the course of a dispute regarding a drug debt.

      On March 11, 2025, Mr. Pickney filed a motion to reduce his sentence. Dkt. No. 1062 (the "Motion"). The Motion indicates that it was brought pursuant to 18 U.S.C. § 3582(c)(2). In his Motion, Mr. Pickney claims that a reduction in his sentence is warranted because of an amendment to the provisions of the Sentencing Guidelines in November 2024. Motion at 2. That amendment resulted the policy statement now found in Section 5H1.1 of the Sentencing Guidelines. It states among other things that a "downward departure may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." *Id.* Mr. Pickney was 22 years old when he was sentenced.

      Section 3582 prohibits the modification of a term of imprisonment once it has been imposed, subject to specified exceptions. One of those exceptions is set forth in Section 3582(c)(2),

which "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" permits a court to reduce the defendant's sentence, among other things, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Pickney's requested sentence reduction is not consistent with the Sentencing Commission's policy statements, and, therefore, must be denied to the extent that it is requested pursuant to 18 U.S.C. § 3582(c)(2). The relevant amendment to the sentencing guidelines is contained in Amendment 829. *See* U.S. Sentencing Guidelines Manual, Supplement to Appendix C. That amendment is not listed in subsection (d) of Section 1B1.10 of the Sentencing Guidelines Manual. As a result, retroactive application of that amendment is not consistent with the policy statements of the Sentencing Commission. *See United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997). Therefore, there is no basis to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]

Because Mr. Pickney is proceeding *pro se*, the Court construes his Motion "to raise the strongest arguments that [it suggests]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). While Mr. Pickney characterizes his Motion as having been brought under 18 U.S.C. § 3582(c)(2), the Court has also considered his motion as one for compassionate release brought under to 18 U.S.C. § 3582(c)(1).

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction

---

[1] Because the defendant was convicted for an offense subject to a mandatory minimum sentence, the departure permitted under USSG § 5H1.1 would not have permitted a lesser sentence for Count II.

is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

As a threshold matter, there is no indication that Mr. Pickney has attempted to exhaust his administrative remedies. The administrative exhaustion requirement of § 3582(c)(1)(A) is a mandatory "claim-processing rule," rather than a "jurisdictional limitation." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). As a result, it may be "waived or forfeited by the government." *Id.* Several courts in this Circuit have found that the exhaustion requirement can also be waived by a court in appropriate circumstances. *See, e.g.*, *United States v. Johnson*, 671 F.Supp.3d 265, 271 (E.D.N.Y. 2023) (collecting cases).

Assuming without holding that the exhaustion requirement may be waived under appropriate circumstances, the Court has no factual basis to conclude that it should be waived here. Mr. Pickney filed a motion for compassionate release in 2022. Dkt. No. 984. In it, Mr. Pickney asserted that he had submitted a request for compassionate release to the warden of his facility, indicating that he is aware of the exhaustion requirement. *Id.* at 3. Mr. Pickney's Motion provides

3

no factual basis for the Court to find that the exhaustion requirement should be waived.[2]

The Court commends Mr. Pickney's efforts to complete coursework while in prison and his work to line up jobs for his release. *See* Motion at 6.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Accordingly, Mr. Pickney's request for a reduction in his sentence is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1062 and to mail a copy of this order to Mr. Pickney.

SO ORDERED.

Dated: March 15, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

---

[2] In any event, the Court does not believe that releasing Mr. Pickney early is justified after reviewing the factors under 18 U.S.C. § 3553(a). *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction."). The Court reviewed the reasons why in evaluating Mr. Pickney's prior motion for compassionate release. Dkt. No. 988. The facts presented by the defendant in this Motion do not alter the Court's evaluation of the 3553(a) factors. Therefore, the Court would deny the Motion based on its assessment of the § 3553(a) factors for the reasons laid out in that prior decision. *Id.* The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.